JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Gervase Blackwood ("appellant") appeals from the judgment of the trial court which denied his motion to reconsider the denial of his motion to withdraw his guilty plea. For the reasons set forth below, we dismiss the instant appeal as untimely.
 {¶ 2} On August 14, 2002, appellant pled guilty to drug trafficking in violation of R.C. 2925.03 with a juvenile offender specification. The remaining counts were nolled. The court accepted appellant's guilty plea and on September 24, 2002, sentenced him accordingly. In March of 2003, appellant filed a motion to withdraw his guilty plea, which the trial court denied on June 2, 2003. Appellant filed with the trial court a motion to reconsider his motion to withdraw his guilty plea which the trial court denied on June 23, 2003. On July 23, 2003, appellant appealed to this court.
 {¶ 3} Motions for reconsideration in the trial court are nullities. Beal v. Allen, Cuyahoga App. No. 79567, 2002-Ohio-4054, citing Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378. "A motion for reconsideration of a final judgment is a nullity which does not suspend the time for filing a notice of appeal, and any order granting such a motion is likewise a nullity." State v. Harbert, 9th Dist. No. 20955, 2002-Ohio-6114.
 {¶ 4} In this case, because appellant did not appeal the trial court's decision to deny his motion to withdraw his guilty plea within thirty days pursuant to App.R. 4, nor did he obtain leave of court to file a delayed appeal pursuant to App.R. 5(A), his appeal is untimely and is therefore dismissed.
Appeal dismissed.
It is ordered that appellee recover of appellant, its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Corrigan, A.J., and Gallagher, J., concur.