DECISION
{¶ 1} Defendant, Ned Kramer, appeals from the judgment of the Franklin County Court of Common Pleas denying his motion to reconsider the denial of his motion to withdraw his guilty pleas. For the reasons that follow, we dismiss the appeal as untimely.
 {¶ 2} Defendant was indicted by the Franklin County Grand Jury on eight counts of child endangering in violation of R.C.2919.22, all felonies of the third degree. Defendant entered guilty pleas, pursuant to North Carolina v. Alford (1970),400 U.S. 25, 91 S.Ct. 160, to four counts of the stipulated lesser included offenses of child endangering in violation of R.C.2919.22, all fourth degree felonies. Upon recommendation of the prosecution, a nolle prosequi was entered as to the remaining four counts. On July 11, 2000, the trial court sentenced defendant to eighteen months of imprisonment on each of the four counts, to run consecutively with each other, for an aggregate sentence of six years.
 {¶ 3} On September 10, 2002, defendant filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. By decision and entry filed March 5, 2003, the trial court denied defendant's motion without a hearing. Thereafter, on March 18, 2003, defendant filed a motion requesting that the court reconsider its denial of his motion. On May 22, 2003, the trial court denied defendant's motion for reconsideration.
 {¶ 4} On June 20, 2003, defendant filed a notice of appeal from the court's May 22, 2003 judgment, asserting a single assignment of error, as follows:
The trial court erred in denying the motion to withdraw the guilty pleas, without an evidentiary hearing, which constitutes an abuse of discretion.
 {¶ 5} Before we can address defendant's assignment of error, we must first resolve a threshold jurisdictional issue. The courts of appeals of Ohio have jurisdiction to review the judgments or final orders of inferior courts within their jurisdiction. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. A final order or judgment is one that affects a substantial right and, in effect, determines the action. R.C.2505.02(B)(1). In this case, the trial court's March 5, 2003 decision and entry constitutes the final judgment that determined the action below and is, therefore, the order which should have been appealed.
 {¶ 6} Pursuant to App.R. 3(A) and 4(A), notice of an appeal as of right must be filed with the clerk of the trial court within 30 days of the judgment or final order from which the appeal is taken. This time limit is jurisdictional in nature and may not be enlarged by an appellate court. State ex re. Pendellv. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60; App.R. 14(B). Where a notice of appeal is not filed within the time prescribed by law, an appellate court has no jurisdiction to consider issues that should have been raised in the appeal. Id. Inasmuch as defendant failed to file his appeal by April 4, 2003, this court is without jurisdiction to resolve whether the trial court abused its discretion in denying his motion to withdraw his guilty pleas.
 {¶ 7} Neither defendant nor the state mention this jurisdictional flaw, perhaps because the notice of appeal was filed within 30 days of the May 22, 2003 entry denying defendant's motion for reconsideration. However, the Supreme Court of Ohio has held that a request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion. Id., citingPitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 381. These same principles have been extended to criminal cases. SeeCleveland Heights v. Richardson (1983), 9 Ohio App.3d 152;Brook Park v. Necak (1986), 30 Ohio App.3d 118; State v.Garcia (Aug. 24, 1995), Franklin App. No. 94APA11-1646; Statev. Jones (June 11, 1987), Franklin App. No. 86AP-779; State v.Matthews (Nov. 9, 2000), Highland App. No. 00CA0009; State v.Beaudry (Nov. 2, 2001), Lucas App. No. L-01-1288; State v.Blackwood, Cuyahoga App. No. 83208, 2004-Ohio-2160, at ¶ 4.
 {¶ 8} In this case, because defendant did not appeal the trial court's March 5, 2003 judgment denying his motion to withdraw his guilty pleas within 30 days as mandated by App.R. 3(A) and 4(A), nor did he obtain leave of court to file a delayed appeal pursuant to App.R. 5(A), his appeal is untimely and this court lacks jurisdiction to consider the matter. For these reasons, the appeal is hereby dismissed.
Appeal dismissed.
Bowman and Sadler, JJ., concur.