DECISION ON MOTIONS
{¶ 1} These consolidated appeals come before the court upon appellee's motion to dismiss or, in the alternative, to clarify the jurisdiction of the court and upon appellant's motion for a delayed appeal. A brief review of the chronology of events will be helpful to an understanding of each appeal.
 {¶ 2} On May 7, 2004, appellant, Shawn M. Alexander, was indicted by the Franklin County Grand Jury on seven counts of rape of a minor child, felonies of the first degree. The indictment alleged that the three victims were less than 13 years of age and were compelled to submit by force or threat of force. The indictment included a specification that the defendant was a sexually violent predator.
 {¶ 3} On December 13, 2004, while represented by counsel, appellant entered guilty pleas to three counts of rape as set forth in Counts 1, 3, and 5. As part of that negotiated plea, a nolle prosequi was entered to Counts 2, 4, 6, and 7, and to the sexually violent predator specification.
 {¶ 4} On January 21, 2005, the trial court held a sentencing hearing. Appellant was sentenced to eight years in prison on Count 1, and terms of seven years on Count 3 and seven years on Count 5. The court ordered that the sentences were to be served consecutively for a total of 22 years of imprisonment. The court found the defendant to be a sexual predator.
 {¶ 5} The entry that journalized the sentence was filed on January 26, 2005. The judgment entry found that appellant should be classified as a sexual predator and that the court's findings made in support of that classification were filed separately from the sentencing entry.
 {¶ 6} On January 27, 2005, appellant wrote to the trial judge and asked that counsel be appointed for purposes of appeal and post-conviction relief. On the same day, the trial court appointed an attorney to represent appellant on appeal.[1]
 {¶ 7} On February 8, 2005, the court filed what was styled as an "entry" that set forth the reasons for the earlier classification of appellant as a sexual predator.
 {¶ 8} On February 17, 2005, the trial court filed an entry that appointed current appellate counsel for purposes of appeal.
 {¶ 9} On February 28, 2005, 33 days after the sentencing entry was filed, appellant filed a pro se notice of appeal "from the judgment of conviction entered in this action on February 16, 2005." The date specified in the notice of appeal does not correspond to any final judgment or order filed in the trial court. Appellant also sought the appointment of counsel for purposes of the appeal. The pro se appeal was docketed as case No. 05AP-192.
 {¶ 10} On March 10, 2005, appellate counsel filed a notice of appeal "from the final judgment entry entered on." However, no judgment date was included in the notice of appeal. The appeal filed by counsel was docketed as case No. 05AP-245.[2]
 {¶ 11} On March 15, 2005, after finding that both cases involved similar parties and issues, the appeals were consolidated for purposes of record filing, briefing and oral argument.
 {¶ 12} On July 1, 2005, counsel for appellant filed a merit brief under both case numbers.
 {¶ 13} On August 8, 2005, appellee filed a motion to dismiss both appeals or, in the alternative, to clarify jurisdiction. The motion asserted that appellant had failed to file a timely notice of appeal in either case as required by App.R. 3 and 4, and therefore, this court lacked jurisdiction to hear either appeal. Appellee suggested that a motion for leave to appeal might be in order and requested an extension of time of one week to file its brief after the court ruled on the motion to dismiss or clarify.
 {¶ 14} On August 19, 2005, counsel for appellant responded with a memorandum opposing the motion to dismiss or clarify. The memorandum states: "It is defendant-appellant's position that both appeals were timely within the realm of the criminal and civil issues" and "defendant-appellant is entitled to a right of an Appeal and the weight of the factual information provided shall prove that plaintiff-appellee's motion to dismiss and/or clarify must be overruled regarding the jurisdictional issue. The Court's jurisdiction is quite clear in the scope of the Court's appellate jurisdiction."
 {¶ 15} Concurrently with filing the memorandum in opposition to the motion to dismiss or clarify, counsel filed a motion for leave to file a delayed appeal. Counsel stated that she did not receive notice of her appointment until "on or after March 4, 2005," when the appointment was mailed to her by the clerk of courts and that the notice of appeal in case No. 05AP-245 was filed only six days later.
 {¶ 16} An appeal as of right may be taken by the filing of a timely notice of appeal with the clerk of the trial court in which the judgment was entered. App.R. 3(A). The only jurisdictional requirement for an appeal as of right is the filing of the notice of appeal in a timely manner.
 {¶ 17} A notice of appeal must be filed within 30 days of the judgment of the trial court. App.R. 4(A). The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored.
 {¶ 18} Here, appellant failed to file a timely notice of appeal from the judgment of the trial court in either case. In case No. 05AP-192, the pro se notice of appeal was filed on February 28, 2005, more than 30 days after the final judgment of sentence entered on January 26, 2005. The pro se notice of appeal did not comply with the timeliness requirements of App.R. 4(A).[3] In case No. 05AP-245, appellate counsel did not file a notice of appeal from the judgment of the trial court until March 10, 2005. As with the pro se notice of appeal, the notice filed by counsel failed to meet the timeliness requirements of App.R. 4(A).
 {¶ 19} While counsel is correct that "appellant is entitled to a right of appeal," that right to appeal expired when both appellant and counsel failed to file a notice of appeal within the time required by App.R. 4(A). Therefore, the court has no jurisdiction to entertain an appeal as of right from the conviction and sentence below.
 {¶ 20} Having determined that appellant failed to preserve his right to appeal under App.R. 3 and 4, we next determine whether leave to appeal should be granted under App.R. 5(A). In the motion to dismiss or clarify jurisdiction, appellee suggested that a motion for leave to appeal might be in order. "[D]efense counsel might entertain the possibility of filing a motion for delayed appeal." (Memorandum in support, at 3.) On August 19, 2005, counsel for appellant responded with a motion for leave to appeal.
 {¶ 21} In a criminal case, where the defendant has failed to meet the time requirements of App.R. 4(A), the unqualified right to an appeal set out in App.R. 3(A) is extinguished and an appeal may be taken only by leave of court in compliance with App.R. 5(A). App.R. 5(A)(2) provides in part as follows: "A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of theappellant to perfect an appeal as of right." (Emphasis added.)
 {¶ 22} From the record, it is clear that appellant wanted to appeal. The day after the sentencing entry was filed, appellant submitted a letter to the trial court in which he requested appointment of counsel for purposes of appeal. On the same day, the trial court appointed counsel. For reasons unknown, the attorney appointed on January 27, 2005 did not file a notice of appeal.[4]
 {¶ 23} Although a second appointment of appellate counsel was made on February 17, 2005, eight days before the time for filing an appeal as of right was to expire, no appeal as of right was taken within the 30-day time period permitted by App.R. 4(A). Counsel states that she was not notified of her appointment until some time after March 4, 2005. Clearly, March 4, 2005 was more than 30 days after the final judgment filed on January 26, 2005.
 {¶ 24} Although appellant's counsel filed a notice of appeal on March 10, 2005, no motion for leave to appeal was filed concurrently with the notice of appeal as required by App.R. 5(A)(2). Instead, counsel pursued the case as a timely appeal and filed a brief upon the merits on July 1, 2005. Appellant's motion for leave to appeal followed appellee's motion to dismiss for want of jurisdiction.
 {¶ 25} Although the procedures set out in App.R. 3, 4, and 5 were not followed in this case, and no motion for leave to appeal was filed at the time the notice of appeal was filed, we conclude that appellant has adequately set forth reasons for the failure to perfect an appeal as of right. We also note that appellee does not contest the motion for delayed appeal.
 {¶ 26} Therefore, appellant's motion for leave to appeal is granted. Appellee's motion to dismiss is denied. Having granted the motion for leave to appeal, appellee's motion to clarify jurisdiction is moot. Appellee's motion for an extension of time to file its merit brief is granted. Appellee's brief will be due 14 days from the date of this decision. Any reply brief appellant may deem appropriate shall be filed within rule. This case shall proceed upon the regular docket of the court.
Appellant's motion for leave to appeal granted; appellee's motion todismiss is denied; and appellee's motion to clarify jurisdiction ismoot.
PETREE and McGRATH, JJ., concur.
[1] It does not appear that the attorney first appointed by the court on January 27, 2005 has been actively involved in the appeal in any way.
[2] While this notice of appeal does not designate what judgment or final order was being appealed, the only final appealable order in this case was the January 26, 2005 judgment entry that imposed sentence and classified appellant as a sexual predator.
[3] Although not argued by appellant, we note that the subsequent "entry" filed on February 8, 2005 did not extend the time for filing a notice of appeal from the final judgment of the trial court entered on January 26, 2005. The "entry" of February 8 simply explains the basis for the earlier journalized adjudication that appellant was a sexual predator. The final judgment in this case was the sentencing and classification entry filed by the trial court on January 26, 2005.
[4] It is entirely possible that the first attorney appointed by the trial court did not receive notice of the appointment or was unable to accept the appointment.