OPINION *Page 2 
{¶ 1} On June 29, 2007 the Guernsey County Grand Jury issued an indictment against defendant-appellant Ernest R. Ellis, Jr., charging him with three counts of aggravated robbery felonies of the first degree in violation of R.C. 2911.01(A)(1). Each count contained a specification alleging that the appellant was a "repeat violent offender." Each count of the indictment related to a separate incident.[1]
 {¶ 2} On or about July 19, 2007 the state filed a bill of particulars setting forth the underlying facts for each count in the indictment. The bill alleged that appellant "has a prior conviction for Attempted Rape."
 {¶ 3} On November 27, 2007 appellant entered into a negotiated plea agreement whereby he entered a plea of no contest to count one of the indictment with a specification, and counts two and three of the indictment. The specifications to counts two and three were dismissed. As part of this plea agreement, appellant agreed to an aggregate sentence of twenty-four years.
 {¶ 4} On December 16, 2008 appellant filed a notice of appeal with this Court, raising the following assignment of error: *Page 3 
 {¶ 5} "I. DEFENDANT-APPELLANT'S STATE CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HIS INDICTMENT OMITTED AN ELEMENT OF THE OFFENSE."
 {¶ 6} An appeal as of right may be taken by the filing of a timely notice of appeal with the clerk of the trial court in which the judgment was entered. App. R. 3(A). App. R. 4(A) states:
 {¶ 7} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 8} The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. State v.Alexander, 10th Dist. Nos. 05AP-129, 05AP-245,2005-Ohio-5997 at ¶ 17.
 {¶ 9} In the case at bar, appellant failed to file a timely notice of appeal from the November 28, 2007 judgment entry finding him guilty and imposing sentence.
 {¶ 10} While appellant is entitled to a right of appeal, that right to appeal expired when appellant failed to file a notice of appeal within the time required by App. R. 4(A). Therefore, this court has no jurisdiction to entertain an appeal as of right from the conviction and sentence below. State v. Alexander, supra at ¶ 19. *Page 4 
 {¶ 11} In a criminal case, where the defendant has failed to meet the time requirements of App. R. 4(A), the unqualified right to an appeal set out in App. R. 3(A) is extinguished and an appeal may be taken only by leave of court in compliance with App. R. 5(A). App. R. 5(A) states, in relevant part:
 {¶ 12} "(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 13} "(a) Criminal proceedings;
 {¶ 14} "(b) Delinquency proceedings; and
 {¶ 15} "(c) Serious youthful offender proceedings.
 {¶ 16} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 17} In the case at bar, appellant did not seek leave to appeal. However, even if appellant had sought leave to appeal the outcome would not change.
 I. {¶ 18} In his sole assignment of error, appellant argues that the indictment fails to expressly charge the mens rea element of the crime of aggravated burglary and is therefore fatally defective. We disagree.
 {¶ 19} In the case at bar, appellant entered pleas and admissions to the charges with the advice of counsel. In exchange for the pleas, the state dismissed the specifications to count two and count three of the indictment. The parties further agreed *Page 5 
to an aggregate sentence of twenty-four years. (Judgment Entry filed November 28, 2007).
 {¶ 20} R.C. 2953.08(D), which was not effected by the Court's decision in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, states: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 21} Under the circumstances of the case at bar, we find that the appellant agreed to the sentence imposed. Accordingly, appeal is precluded by R.C. 2953.08(D). Even if appellant's appeal were not subject to the application of R.C. 2953.08(D), the result would not change.
 {¶ 22} Appellant relies upon the case of State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624. In Colon, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. The court determined that the indictment failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.
 {¶ 23} Conversely, as this Court noted in State v. Vance, Ashland App. No. 2007-COA-035, 2008-Ohio-4763, the Supreme Court reconsidered this position in State v. Colon ("Colon II"), 119 Ohio St.3d 204,893 N.E.2d 169, 2008-Ohio-3749. In Colon II, the Court held: *Page 6 
 {¶ 24} "Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment. In Colon I, the error in the indictment led to errors that `permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence.' Id. at ¶ 23, 885 N.E.2d 917, citing State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17. Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis." Id. at ¶ 8, 802 N.E.2d 643. The Court noted the multiple errors that occurred in Colon I:
 {¶ 25} "As we stated in Colon I, the defect in the defendant's indictment was not the only error that had occurred: the defective indictment resulted in several other violations of the defendant's rights. 118 Ohio St. 3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 29. InColon I, we concluded that there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery, nor was there evidence that the state argued that the defendant's conduct was reckless. Id. at ¶ 30, 885 N.E.2d 917. Further, the trial court did not include recklessness as an element of the crime when it instructed the jury. Id. at ¶ 31, 885 N.E.2d 917. In closing argument, the prosecuting attorney treated robbery as a strict-liability offense. Id. Colon II at ¶ 6." See also, Vance, supra at ¶ 51-53.
 {¶ 26} In the case at bar, the trial court accepted appellant's plea. There was no jury impaneled and therefore, no argument was made alleging this to be a strict liability offense nor was a jury improperly instructed. Appellant was appointed counsel and he, *Page 7 
with the assistance of counsel, entered into a negotiated plea. Appellant was sentenced pursuant to that negotiated plea. Appellant did not object and therefore failed to preserve his claim that the indictment against him was constitutionally defective.
 {¶ 27} Accordingly, this is not a case where the omission in the complaint permeated the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence. This Court may analyze the error in this case pursuant to the Crim. R. 52(B) plain-error analysis.
 {¶ 28} Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. In order to find plain error under Crim. R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.' "State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240, quoting State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118,802 N.E.2d at 646.
 {¶ 29} Under the circumstances, there is nothing in the record to show that the appellant was prejudiced. We find any error in the indictment was harmless beyond a reasonable doubt. *Page 8 
 {¶ 30} Accordingly, appellant's sole assignment of error is denied.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio is affirmed. By Gwin, P.J., Wise, J., and Delaney, J., concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio is affirmed. Costs to appellant.
[1] A Statement of the Facts underlying appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein. *Page 1