[Cite as *State v. Woodson*, 2012-Ohio-2163.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-264 |
| ROZELL WOODSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Stark County
Court of Common Pleas, Case No.
2007CR0070B

JUDGMENT: Dismissed

DATE OF JUDGMENT ENTRY: May 14, 2012

APPEARANCES:

For Plaintiff-Appellee

JOHN FERRERO
Stark County Prosecutor
BY: RENEE WATSON
110 Central Plaza S., Ste. 510
Canton, OH 44702

For Defendant-Appellant

JACOB T. WILL
116 Cleveland Avenue N.W., Ste 808
Canton, OH 44702

*Gwin, P.J.*

{¶1} In January 2007, the Stark County Grand Jury indicted Woodson and a co-defendant on one count of trafficking in cocaine, one count of possession of cocaine, and one count of having weapons under disability.

{¶2} Before trial, Woodson and the co-defendant filed motions to suppress. After an evidentiary hearing, the motions to suppress were overruled.

{¶3} The co-defendant thereafter pled guilty. Woodson's case proceeded to a jury trial, resulting in a finding of guilty as charged. He was sentenced to ten years on each drug offense, to be served concurrently, and five years for having weapons under disability, to be served consecutive to the drug charges. Additionally, the court imposed the balance of Woodson's post-release control time, two years and 144 days, to be served consecutive to the drug and weapons sentences.

{¶4} On direct appeal, this Court affirmed Woodson's convictions and sentence. *State v. Woodson*, 5th Dist. No. 2007CA0051, 2008-Ohio-670 ["*Woodson I*"]. Woodson then filed a motion to reopen his case with this court, which was dismissed.

{¶5} In January 2010, Woodson filed a pro se motion with the trial court to vacate or set aside sentence. He argued that the trial court failed to properly impose post-release controls and requested a de novo hearing on the matter. In March, the trial court denied Woodson's request for a de novo hearing but conducted a hearing limited to advising Woodson of his post-release control obligations. Woodson appealed, and this court affirmed the trial court's denial of a de novo hearing. *State v. Woodson*, 5th Dist. No. 2010CA00101, 2011-Ohio-1324 ["*Woodson II*"].

{¶6} In April 2011, Woodson filed an untimely motion for post-conviction relief alleging that all three of his convictions are allied offenses of similar import. The petition was dismissed and Woodson did not appeal.

{¶7} On August 12, 2011, Woodson filed a motion for leave to file a motion for a new trial claiming newly discovered evidence. He attached an affidavit from co-defendant George Taylor wherein Taylor claims he was responsible for the drugs found in the console of the car and Woodson had no knowledge of the same. On September 12, 2011, the trial court denied Woodson's motion. Woodson did not file an appeal. Instead, on October 21, 2011, he filed a motion for reconsideration in the trial court, which was denied four days later. Woodson now appeals from both judgment entries, raising as his sole assignment of error,

{¶8} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR A NEW TRIAL AND HIS SUBSEQUENT MOTION TO RECONSIDER."

I.

{¶9} At the outset, the state contends that Woodson failed to file a timely appeal. For the reasons that follow, we agree.

{¶10} Ohio Constitution, Article IV, Section 3(B)(2) limits an appellate court's jurisdiction to the review of final judgments. Even if the issue is not raised by either party, an appellate court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White v. Cuyahoga Metro. Hous. Aut.,* 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. This court has no choice but to sua sponte dismiss an appeal that is not taken from a final, appealable order. *Whitaker-Merrell v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

**{¶11}** An appeal as of right may be taken by the filing of a timely notice of appeal with the clerk of the trial court in which the judgment was entered. App.R. 3(A). The only jurisdictional requirement for an appeal as of right is the filing of the notice of appeal in a timely manner. App.R. 4(A) states:

> A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure.

**{¶12}** The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. *State v. Alexander*, 10th Dist. Nos. 05AP-129, 05AP-245, 2005-Ohio-5997 at ¶17.

**{¶13}** In the case at bar, Woodson failed to file a timely notice of appeal from the September 12, 2011 judgment of the trial court overruling his motion for leave to file a motion for a new trial. While Woodson is entitled to a right of appeal, that right to appeal expired when both Woodson and counsel failed to file a notice of appeal within the time required by App.R. 4(A). Therefore, the court has no jurisdiction to entertain an appeal as of right from the decision below. *State v. Alexander*, supra at ¶19.

**{¶14}** Instead, of filing an appeal, Woodson filed a motion to reconsider in the trial court.

It is also well established that a court cannot reconsider a valid final judgment in a criminal case. See *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1324(1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 506 N.E.2d 936(8th Dist. 1986); see, also, *State v. Meister*, 76 Ohio App.3d 15, 19, 600 N.E.2d 1103(1st Dist. 1991). The Ohio Supreme Court has held that a motion for reconsideration of a final judgment is a nullity. Thus, judgments and orders taken from such motions are to be considered nullities, *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St. 2d 378, 379, and an appeal from the denial of a motion for reconsideration is subject to dismissal, sua sponte.

{¶15} *State v. Shaffer,* 11th Dist. No.2009–G–2929, 2009–Ohio–6707, at ¶ 2. As the Supreme Court has noted,

The operation of the rule may be tolled by either the filing of a motion for judgment notwithstanding the verdict, pursuant to Civ.R. 50(B), or the filing of a motion for a new trial under Civ.R. 59. Appellant's "motion for reconsideration" manifestly is neither.

*Kaurder v. Kaurder*, 38 Ohio St.2d 265, 267, 313 N.E.2d 797(1974). Furthermore, the filing of a motion for reconsideration does not extend the time for filing an appeal from a final judgment. *Pitts* at 380.

{¶16} These same principles have been extended to criminal cases. See *Cleveland Heights v. Richardson*, 9 Ohio App.3d 152, 458 N.E.2d 901(8th Dist. 1983); *Brook Park v. Necak*, 30 Ohio App.3d 118, 506 N.E.2d 936(8th Dist. 1986); *State v. Garcia*, 10th Dist. No. 94APA11-1646, 1995 WL 259168 (Aug 24, 1995); *State v. Jones*,

10th Dist. No. 86AP-779, 1987 WL 12712 (June 11, 1987); *State v. Matthews,* 4th Dist. No., 00CA0009, 2000-Ohio-1994*; State v. Beaudry,* 6th Dist. No. L-01-1288, 2001 WL 1346113 (Nov 2, 2001); *State v. Blackwood,* 8th Dist. No. 83208, 2004-Ohio-2160*; State v. Kramer,* 10th Dist. No. 03AR-633, 2004-Ohio-2646.

**{¶17}** Thus, Woodson's filing of a motion to reconsider in the trial court was properly dismissed because the motion is a nullity.

**{¶18}** In a criminal case, where the defendant has failed to meet the time requirements of App.R. 4(A), the unqualified right to an appeal set out in App.R. 3(A) is extinguished and an appeal may be taken only by leave of court in compliance with App.R. 5(A). App.R. 5(A) states, in relevant part:

(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

(a) Criminal proceedings;

(b) Delinquency proceedings; and

(c) Serious youthful offender proceedings.

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right.

**{¶19}** In the case at bar, Woodson did not seek leave to appeal. However, even if he had sought leave to appeal the outcome would not change.

Crim. R. 33 governs motions for a new trial:

(A) Grounds

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

 * * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**{¶20}** The Ohio Supreme Court has set forth the following requirements concerning motions for a new trial based upon newly discovered evidence,

To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result of a new trial if granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence.

*State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus. We review the trial court's decision to grant or deny the motion under an abuse of discretion standard, "The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record." *Petro,* supra, 148 Ohio St. at 507-508 (Quoting *State v. Lopa*, 96 Ohio St. 410, 411, 117 N.E. 319 (1917)). An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748(1993).

{¶21} Crim.R. 33(B) provides that if a defendant fails to file a motion for a new trial within 120 days of the jury's verdict, he or she must seek leave from the trial court to file a delayed motion. To obtain leave, the defendant must show by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days. *State v. Lordi,* 149 Ohio App.3d 627, 2002-Ohio-5517, 778 N.E.2d 605, ¶ 26–27. Clear and convincing proof is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613(1985); *Lordi,* supra, at ¶ 26.

{¶22} The "phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were

not obtained sooner." *State v. Williams,* 12th Dist. No. CA2003-01-001, 2003-Ohio-5873, ¶17.

**{¶23}** In support of his motion in the trial court, Woodson attached the affidavit of his co-defendant George Taylor. Taylor's affidavit states that he pled guilty to possession of drugs, trafficking in drugs and having weapons under disability. He claims he was solely responsible for the crack cocaine discovered in the center console of the car Woodson was driving and that Woodson had no knowledge of the drugs.

**{¶24}** "Whether evidence was unavailable to an accused at trial is, to some extent, to be determined by whether the source of the evidence was available for examination or cross-examination by an accused [sic] counsel at trial." *State v. Wright*, Ohio App.3d 827, 832, 588 N.E.2d 930 (2nd Dist. 1990). It makes little difference if a defendant knows about the testimony of a witness who exercises his or her right not to testify because the defendant cannot present that testimony. Additionally, the evidence is newly discovered because the witness's decision to waive his or her rights was not known before or during trial despite due diligence. *State v. Condon*, 157 Ohio App.3d 26, 2004-Ohio-2031, 808 N.E.2d 912, ¶19.

**{¶25}** In this case, Woodson has not demonstrated that Taylor's testimony was not available to him. Taylor pled and was sentenced prior to the start of Woodson's jury trial. See, *State v. Dick*, 27 Ohio St.2d 162, 271 N.E.2d 797(1971), paragraph two of the syllabus. ("A witness may not rely on his Fifth Amendment privilege against self-incrimination where he has refused to be sworn and where he has pleaded guilty to a charge arising from the same incident as to which he was being questioned.")

{¶26} Further, Taylor never asserted his Fifth Amendment privilege against self-incrimination. In fact, in his affidavit Taylor states that he was willing to testify at Woodson's trial and even contacted Woodson's trial attorney, "[I] made myself entirely available for Mr. Woodson's trial attorney...." Accordingly, in the case at bar Woodson could, with due diligence, have discovered the evidence before or during trial.

{¶27} In addition, the petitioner has the burden of establishing that the new evidence created a strong probability of a different result if a new trial was granted. *State v. Luckett*, 144 Ohio App.3d 648, 661, 761 N.E.2d 105(2001). In our disposition of Woodson's direct appeal we noted,

> While Trooper Baskerville was searching the car, the cruiser video recorded [Woodson] talking on his cell phone in the rear of the cruiser. He told an unidentified female that the officers had found the drugs and the gun. He then told her to report the car stolen.

*Woodson I, supra,* ¶11. "A trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.' [*State v.*] Calhoun, 86 Ohio St.3d [279] at 285, [1999-Ohio-102], 714 N.E.2d [905] at 911-912, citing [*State v.*] *Moore*, 99 Ohio App.3d [748] at 754-756, 651 N.E.2d [1319] at 1323- 1324." *State v. Kinley*, 136 Ohio App.3d 1, 13-14, 735 N.E.2d 921, 930-31(1999). Thus, Woodson has failed to demonstrate a strong probability that the evidence would change the result if a new trial were granted.

{¶28} We hold, therefore, that Woodson failed to provide clear and convincing proof that he was unavoidably prevented from discovering the evidence within 120

days. Consequently, the trial court did not abuse its discretion in denying his motion for leave to file a motion for a new trial.

**{¶29}** Accordingly, the instant appeal is dismissed for want of jurisdiction.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0508

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROZELL WOODSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-264 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is dismissed.  Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE