[Cite as *Wright v. Wright*, 2012-Ohio-1560.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LEESA WRIGHT (AKA LLOYD WRIGHT) | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| STEVEN WRIGHT | Case No. 2011CA00129 |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Family Court Division, Case
                              No. 2004DR01383

JUDGMENT:                     Reversed & Remanded


DATE OF JUDGMENT:             April 2, 2012


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

PAMELLA A. LAMMON                      JENNIFER LOWRY
103 North Union Street                 116 Cleveland Avenue, NW
Suite D                                Suite 800
Delaware, OH  43015                    Canton, OH  44702

Guardian ad Litem

DWAINE R. HEMPHILL
P.O. Box 35697
Canton, OH  44735

*Farmer, J.*

{¶1} On June 22, 2005, appellant, Leesa Wright, aka Leesa Lloyd Wright, and appellee, Steven Wright, were granted a divorce. The final decree incorporated the parties' separation agreement wherein the parties' agreed to a shared parenting plan regarding their child, Esaias, born as issue of the marriage on July 31, 2002. The parties also have another child, Kaleena, born December 21, 1991 and adopted by appellee during the marriage. Appellant was designated the residential parent and legal custodian.

{¶2} On January 8, 2009, the parties entered into another shared parenting agreement wherein appellee was designated the residential parent for school placement purposes and medical decisions.

{¶3} In September of 2009, each party filed a motion for the reallocation of parental rights and responsibilities. Hearings before a magistrate were held on February 16, March 31, and May 3 and 4, 2010. By decision filed August 3, 2010, the magistrate terminated the shared parenting plan, designated appellee as the residential parent and legal custodian, and ordered appellant to pay child support in the amount of $50.00 per month. Appellant filed objections. A hearing was held on March 30, 2011. By judgment entry filed April 18, 2011, the trial court ordered a limited remand to address the issues of child support, health care, and the allocation of the dependency exemption. A hearing was held on April 28, 2011. On May 5, 2011, the magistrate issued a decision on these issues. By judgment entry filed May 9, 2011, the trial court overruled appellant's objections and approved and adopted the magistrate's decision.

The trial court did not file findings of fact and conclusions of law and issued a final order on May 16, 2011.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED THE DESIGNATION OF RESIDENTIAL PARENT AND LEGAL CUSTODIAN WITHOUT MAKING A DETERMINATION THAT A 'CHANGE OF CIRCUMSTANCES' HAS OCCURRED, AS WELL AS FINDING THAT THE MODIFICATION IS IN THE BEST INTEREST OF THE CHILD, PURSUANT TO R.C. 3109.04(E)(1)(a). THE TRIAL COURT'S DECISION IS NOT REFLECTED IN THE TRANSCRIPT."

II

{¶6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED WITHOUT THE GUARDIAN AD LITEM'S ATTENDANCE FOR THE ENTIRE TRIAL OR THE HEARING ON OBJECTIONS RELEASED HIM WITHOUT ALLOWING COUNSEL TO FINISH EXAMINING HIM. THE TRIAL COURT'S DECISION IS NOT REFLECTED IN THE TRANSCRIPT."

III

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THE CHILD WAS NOT COMPETENT, BUT DID NOT HOLD A HEARING ON THIS ISSUE. THE TRIAL COURT'S DECISION IS NOT REFLECTED IN THE TRANSCRIPT."

IV

{¶8}    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RENDERED A CHILD SUPPORT ORDER WITHOUT GATHERING THE NECESSARY FINANCIAL INFORMATION FROM THE PARTIES OR USING THIS DATA FROM THE FINANCIAL AFFIDAVITS SUBMITTED BY BOTH PARTIES OR FROM TESTIMONY TAKEN DURING THE TRIAL IN THE MATTER.  THE TRIAL COURT ALSO OMITTED FINDINGS OF FACT AND CONCLUSIONS OF LAW TO SUPPORT A DEVIATION. THE TRIAL COURT'S DECISION IS NOT REFLECTED IN THE TRANSCRIPT."

V

{¶9}    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REPEATEDLY ALLOWED PREJUDICIAL HEARSAY TO COME IN AND BE CONSIDERED, OVER THE OBJECTION OF THE PLAINTIFF/APPELLANTS COUNSEL.  SOME OF THIS HEARSAY, SPECIFICALLY, THE PSYCHOLOGICAL REPORT OF 2006, WAS OVER FOUR YEARS OLD, IN THE GUARDIAN AD LITEM'S REPORTS AND WAS AGAIN HEARD IN TESTIMONY OF MULTIPLE WITNESSES AND THROUGH WRITTEN EVIDENCE AND WAS USED AS A BASIS FOR THE COURT'S BEST INTEREST ANALYSIS.  THIS REPORT WAS NEVER ADMITTED INTO EVIDENCE, IS HIGHLY PREJUDICIAL, EFFECTS (SIC) A SUBSTANTIAL RIGHT AND VIOLATES PLAINTIFF/APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONTATION IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.  THE TRIAL COURT'S DECISION IS NOT REFLECTED IN THE TRANSCRIPT, IS PREJUDICIAL AND AFFECTS A SUBSTANTIAL RIGHT."

IV

{¶10} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PUT A TIME LIMIT ON THE TRIAL AND THE HEARING ON OBJECTIONS, DID NOT TAKE ANY EVIDENCE AT THE EVIDENTIARY HEARING ON OBJECTIONS, THAT WERE OVERRULED. THIS WAS PREJUDICIAL AND AFFECTED A SUBSTANTIAL RIGHT OF PLAINTIFF/APPELLANT. THE TRIAL COURT'S DECISION IS NOT REFLECTED IN THE TRANSCRIPT."

VIII

{¶11} "THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT TERMINATED THE PARTIES SHARED PARENTING PLAN AND DESIGNATED THE DEFENDANT/APPELLEE THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE PARTIES MINOR CHILD. THE TRIAL COURT'S DECISION IS NOT REFLECTED IN THE TRANSCRIPT NOR WAS THERE A FINDING OR DETERMINATION THAT A SUBSTANTIAL CHANGE OF CIRCUMSTANCES HAD OCCURRED."

I

{¶12} Appellant claims the trial court erred in terminating the shared parenting plan and designating appellee as the residential parent and legal custodian without making a determination that a change of circumstances had occurred or that the change was in the best interests of the child under R.C. 3109.04(E)(1)(a).

{¶13} Appellee claims this argument was not raised in the objections to the magistrate's decision and is therefore barred pursuant to Civ.R. 53(E)(3)(B)(iv) which states, "[a] party shall not assign as error on appeal the court's adoption of any factual

finding of fact or legal conclusion***unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶14} On August 11, 2010, appellant filed objections to the magistrate's decision and specifically objected to the following at No. 2:

{¶15} "Page three, second full paragraph, wherein the Magistrate decided that one factor of §3109.04(F) (2) would be determinative of whether or not a court should terminate a Shared Parenting Plan because it misstates the law."

{¶16} The magistrate's second full paragraph on page three of the decision filed August 3, 2010, states the following:

{¶17} "In determining whether shared parenting is in a child's best interest, all relevant factors must be considered including but not limited to the factors in R.C. 3109.04(F)(1), the factors enumerated in R.C. 3119.23, and the five factors in R.C. 3109.04(F)(2).  The five factors of R.C.3109.04(F)(2) include as  follows.  First, 'the ability of the parents to cooperate and make decisions jointly, with respect to the children.'  Second, 'the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent.'  Third, 'any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent.'  Fourth, 'the geographic proximity of the parents to each other, as the proximity relates to the parental considerations of shared parenting.'  Fifth, 'the recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.'

{¶18} The trial court prefaced this paragraph with the following determination:

{¶19}  "The approval of a shared parenting plan under R.C. 3109.04(D)(1)(a)(i) is conditioned on a request from both parties and the submission of a joint plan.  The approval of shared parenting under R.C. 3109.04(D)(1)(a)(ii) also requires a joint request however the parties each submit separate shared parenting plans.  Meanwhile, under R.C. 3109.04(D)(1)(a)(iii), just one party requests shared parenting and that party also submits a plan.  In the instant case, the scenario under R.C. 3109.04(D)(1)(a)(iii) best describes the circumstances which resulted in the approval of the parties' Shared Parenting Plan.  Although both parties executed the Shared Parenting Plan, but one party, the Defendant actually filed a motion for the reallocation of parental rights.  As a result, the termination of the Shared Parenting Plan in this case hinges on a finding of best interest."

{¶20}  The magistrate concluded the following:

{¶21}  "In summary, four of the five factors contained in R.C. 3109.04(F)(2) supports the termination of shared parenting.  Meanwhile, the factors set forth in R.C. 3109.04(F)(1) and R.C. 3119.23 are not supportive of maintaining the parties' Shared Parenting Plan.  For these reasons, it is recommended that the parties' Shared Parenting Plan be terminated."

{¶22}  Although the cited objection was not specific as to the lack of a change of circumstances determination, it claimed the law was misstated.  This is true based upon the Supreme Court of Ohio's analysis of the facts necessary to terminate a shared parenting agreement in *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589.  The *Fisher* case involved a shared parenting plan and two motions for the reallocation of

parental rights and responsibilities filed by each parent as the case sub judice. The *Fisher* court answered the following conflict question in the negative at ¶1:

{¶23}  " 'Is a change in the designation of residential parent and legal custodian of children a "term" of a court approved shared parenting decree, allowing the designation to be modified solely on a finding that the modification is in the best interest of the children pursuant to R.C. 3109.04(E)(2)(b) and without a determination that a "change in circumstances" has occurred pursuant to R.C. 3109.04(E)(1)(a)?' "

{¶24}  The *Fisher* court concluded the following at ¶37:

{¶25}  "In conclusion, we hold that a modification of the designation of residential parent and legal custodian of a child requires a determination that a 'change in circumstances' has occurred, as well as a finding that the modification is in the best interest of the child, pursuant to R.C. 3109.04(E)(1)(a)."

{¶26}  Based upon the *Fisher* holding, we reverse the trial court's decision and remand the matter for a determination on "change of circumstances" prior to entering into a best interests analysis.

{¶27}  Assignment of Error I is granted.

{¶28}  Consistent with our decision in Assignment of Error I, we find the remaining assignments to be moot.

{¶29} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby reversed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ John W. Wise_____


_s/ Julie A. Edwards_____
                    JUDGES


SGF/sg 130

[Cite as *Wright v. Wright*, 2012-Ohio-1560.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| LEESA WRIGHT (AKA LLOYD WRIGHT) | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEVEN WRIGHT | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011CA00129 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.


s/ Sheila G. Farmer_____


s/ John W. Wise_____


 s/ Julie A. Edwards_____

JUDGES