[Cite as *Toth v. Toth*, 2013-Ohio-845.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| JENNIFER S. TOTH | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-21 |
| FRANK E. TOTH, JR. | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil appeal from the Guernsey County
                               Court of Common Pleas, Case No. 11-DR-
                               78

JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        March 7, 2013

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JENNIFER TOTH  PRO SE                  DANIEL PADDEN
8020 NE 178 Lane, Unit 6               Tribbie, Scott, Plummer & Padden
Kenmore, WA  98028                     139 West 8th Street
                                       P.O. Box 640
                                       Cambridge, OH  43725-0640

*Gwin, P.J.*

{¶1}   Appellant Jennifer S. Toth ["Mother"] appeals the August 22, 2012 judgment entry of the Guernsey County Court of Common Pleas denying her motion to modify parental rights and responsibilities filed July 31, 2012, as well as overruling several contempt motions she had filed against appellee Frank E. Toth, Jr. ["Father"].

### Facts and Procedural History

{¶2}   On June 17, 2011, Mother and Father were granted a divorce. The parties have two children, B.T. (07/02/2000) and C.T. (12/09/2004). Mother was named the residential parent of the parties' children.

{¶3}   On August 11, 2011, Mother filed her notice of intent to relocate with the children to the State of Washington. On August 25, 2011, Mother filed her "Reasons for Relocation." On August 26, 2011, Father filed his memorandum contra to Mother's motion. Also on that date, Father filed a motion to modify parental rights and responsibilities.

{¶4}   On September 7, 2011, the magistrate granted father's request for the court to interview the minor children in-camera. The court conducted the interviews on September 8, 2011.

{¶5}   On September 13, 2011, the trial court conducted an evidentiary hearing upon Mother's intent to relocate and Father's motion to modify. By Judgment Entry filed September 16, 2011, the magistrate ruled,

> 1...if Mother moves to Washington State, Father would be named
> the residential parent of the minor children. If [sic.] is further **ORDERED**
> that the children are not to be removed from the jurisdiction of this court.

2. If Mother chooses to stay in the area, then there is no change of circumstances and there would be no modification of the order except that the parties are **ORDERED** to participate with the parenting coordinator by separate entry.

\* \* \*

{¶6}  By Judgment Entry filed September 16, 2011 the trial court appointed a Parenting Coordinator to facilitate visitation and communication between the parties.

{¶7}  On October 3, 2011, the trial court granted Mother an extension of time to October 14, 2011 to file her objections to the magistrate's decision.

{¶8}  On October 12, 2011, Mother filed a motion for contempt alleging that Father was not taking B.T. to his soccer games and was dropping the children at mother's home without verifying that she was at home.

{¶9}  By Judgment Entry filed November 14, 2011[1], the trial court noted that the transcript of the September 13, 2011 evidentiary hearing was filed on November 10, 2011. Accordingly, Mother had fourteen days from that time in which to file her objections to the magistrate's decision. By Judgment Entry filed November 28, 2011, the trial court granted Mother and additional fourteen days to file her objections to the September 16, 2011 decision of the magistrate.

{¶10} Mother filed her objections to the magistrate's decision on December 8, 2011. Father filed his memorandum contra on December 23, 2011. By Judgment Entry filed January 19, 2012, the trial court adopted in part and modified in part the magistrate's decision as follows,

---

[1] On October 14, 2011, the magistrate had granted Mother fourteen days after the filing of the transcript to file her objections.

The Court finds the Objections should be GRANTED in part and MODIFIED to remove reference to "...if the Mother chooses to move to Washington State..." There then later may be a change of circumstances where additional facts and evidence would be needed to make appropriate findings.

Based upon the state of the record at this time, it is clear the Mother has not chosen to relocate to the State of Washington and, therefore the Magistrate made a proper Finding of Fact and Conclusions of Law based upon the current record before the Court. Obviously, should Plaintiff decide she is later going to move to the State of Washington, she would then again have to give notice to the Court and at that time the Court would conduct further hearing to determine whether circumstances then warranted any further action by the court. The Plaintiff's Objections to allow an immediate change of custody based on circumstances which do not yet exist is proper.

Magistrate's Decision is adopted in part and modified in part.

* * *

**{¶11}** Neither party appealed the trial court's January 19, 2012 decision.

**{¶12}** On February 3, 2012, Mother filed her second notice of intent to relocate. The notice did not contain a proper proof of service as noted by the trial court's March 13, 2012 judgment entry. Accordingly, Mother re-filed her notice of intent to relocate to the State of Washington, with a proper proof of service on March 13, 2012.

{¶13} On March 21, 2011, Father filed his motion to modify parental rights and responsibilities. On April 9, 2012, Mother filed a request for the trial court to conduct an in-camera interview with the children. The trial court conducted an evidentiary hearing on Mother's request to relocate, Father's motion to modify parental rights and conducted an in-camera interview with the children.

{¶14} By Judgment Entry filed April 19, 2012, the magistrate granted Father's motion to modify parental rights and responsibilities and named Father the residential parent of the children.

{¶15} On April 30, 2012, Mother flied a "Motion To Set Aside Magistrate's Order, Including a Stay." By Judgment Entry filed May 4, 2011, the court granted Mother an additional fourteen days to file her objections to the magistrate's decision. On May 4, 2012, Mother filed a Motion seeking the recusal of the magistrate who had conducted the evidentiary hearing. On May 10, 2012, Mother filed a "Motion to Set Aside Magistrate's Order and Approve Modification." Father filed his memorandums contra on May 14, 2012. On May 15, 2012, Mother filed a motion seeking to remove the parenting coordinator. On May 17, 2012, Mother filed a motion for immediate relief. The trial court scheduled all pending motions for non-oral hearing.

{¶16} By Judgment Entry filed May 29, 2012 the trial court overruled Mother's motions and her objections to the magistrate's decision. However, the trial court found Mother to be indigent and therefore granted her request to remove the parenting coordinator. Mother did not appeal the trial court's decisions, including the trial court's decision overruling her objections and adopting the magistrate's decision.

**{¶17}** On July 5, 2012, Father filed a notice of intent to relocate to an address in Cambridge, Ohio.

**{¶18}** By Judgment Entry filed July 12, 2012, the court scheduled an evidentiary hearing on Mother's October 12, 2011 contempt motion for August 15, 2012.

**{¶19}** On July 20, 2012, Mother filed a Motion for Contempt against the parenting coordinator Rebecca Finch. ("Contempt 1"). Mother also filed two separate Motions for Contempt against Father ("Contempt 2" and "Contempt 3"). On July 31, 2012, Mother filed an "Amended Motion" for Contempt against Father; Contempt motions 4 and 5; and a motion to modify parental rights and responsibilities alleging a "substantial change of circumstances as the Father has again relocated his residence." All motions were scheduled for an evidentiary hearing on August 15, 2012.

### *The Trial Court's Decision*

**{¶20}** By Judgment entry filed August 22, 2012, the trial court ruled,

2)      The Court concludes as a matter of law that there is insufficient evidence that the Father willfully refused to take [B.T.] to soccer games and practices. Therefore, the Mother's Motion for Contempt filed October 12, 2011 is DENIED.

3)      The Court concludes as a matter of law that ReBecca Finch, the Parenting Coordinator, was attempting to work through high conflict parenting issues with the Mother and Father. The Court concludes that the changing of Court Orders in attempt to resolve the conflict is permitted if the deviation from the Standard Order of Parenting Time is "agreed to by both parties." However, the Parenting Coordinator should make no change

to Court Orders otherwise. The Court concludes, based upon the evidence before it, that there is no willful violation of Court Orders or a violation of the standard of duty in roles of Parenting Coordinator as any interference with parenting time of the Mother was based upon mistake of fact brought on in part by the parties.

Based upon the evidence before the Court, the Court concludes that the Mother has failed to meet her burden of proof to hold the Parenting Coordinator in contempt of Court.

4)      The Court concludes as a matter of law that the Mother has failed to meet her burden of proof showing an intentional and willful disobedience of the Court's Orders on the part of the Father as it relates to her allegations in Motion for Contempt #2 relating to interference with parenting time on numerous occasions and, in particular, on December 9, 2011. The Court further concludes that the times alleged by the Mother in her Motion all occurred before the date of the last hearing to the Magistrate in April of 2012 and, therefore, the Father's Motion to Dismiss based upon Res judicata must be GRANTED.

5)      The Court concludes as a matter of law as to the Mother's Motion for Contempt #4 that there is insufficient evidence before the Court to find the Father in contempt for failing to take the children to activities. The Court, however, concludes as a matter of law that the Father has failed to place the Mother's name for access of records on either the Cambridge Counseling Center or the "Safe Sitter" registration form. (See

Plaintiff's Exhibit 1). The Court concludes that no harm is shown to the Mother as [B.T.] successfully completed the "Safe Sitter program without the need for emergency medical permission and the Mother was made aware that the children are in counseling and appeared (made a scene) at the Cambridge Counseling Center.

The Court further concludes as a matter of law that the Father may purge his contempt by placing the Mother's name on all further documents as required by the Court Order.

6)      The Court concludes as a matter of law as to the Mother's Motion for Contempt #5 that Father did file Notice of Intent to Relocate with the Court on July 5, 2012. The Court further finds the prior move to 600 N 8th Street notice was given to the Mother in writing by the Father on January 9, 2012 but the Father apparently failed to file Notice with the Court. The Court finds that the Father's contempt of Court for failing to give Notice of Intent to Relocate would have occurred prior to the date of the last hearing in April 2012 and the Mother was given actual notice by the Father. The Father, therefore, may purge his contempt by complying with the Court Order if he has any further intent to relocate his residence and filing the same with the Court.

7)      The Court concludes as a matter of law as to the Mother's Motion to Modify Parental Rights and Responsibilities that the evidence supports a conclusion that no change in circumstances has occurred since the Father was appointed the children's residential parent.

The Mother's Motion alleges that the change of residence is a substantial change in circumstances while the statute does not use the wording "substantial", Ohio case law requires the change to be of substance and not slight or inconsequential. The intent of the statute is to spare children from a constant tug-of-war between their parents and to provide stability to the custodial status of children. *Davis v. Flickinger* (Ohio Sup. Ct. 02-12-1997) 77 Ohio St. 3d 415.

The Court further concludes pursuant to statute a trial court cannot modify a custody decree without evidence that the change in circumstances has occurred. Then, and only then, may the Court look to the best interests of the children in making a modification. A showing that a child would be better off with a non-custodial parent is not sufficient; there must be a change in circumstances before the change of custody can be considered.

Based upon the evidence before the Court, the Court finds that the Mother has failed to show a change of circumstances sufficient to cause the Court to consider a modification of parental rights and responsibilities at this time.

<u>JUDGMENT</u>

The Court finds that the Mother's Motions for Contempt should be GRANTED in part and DENIED as set forth herein. Father ORDERED to purge his contempt as set forth herein. No contempt of Court for willful and intentional disobedience of Court Orders as to ReBecca Finch, Parenting

Coordinator. The Court, however, relieves ReBecca Finch of further duties as Parenting Coordinator in this case. The Court DENIES and DISMISSES the Mother's Motion for Modification of Parental Rights and Responsibilities.

**{¶21}** Mother's Contempt Motion No. 3 was dismissed as res judicata because the times alleged by Mother in her motion occurred before the date of the last hearing before the Magistrate in April 2012. Judgment Entry, Aug. 22, 2012, page 3, ¶6.

**{¶22}** With respect to Mother's motion to modify parental rights and responsibilities, the trial court found,

The Court finds from the evidence that the Father moved the children two (2) blocks to a larger residence. Both children will be able to attend the same schools: [B.T.], Cambridge Middle School, and [C.T.] (with a waiver from the school board) will attend the same elementary school. The Court finds that the residence is within walking distance to the public library where internet access is available.

The Court finds the Mother is unemployed and dependent upon her friend, Laurie Irany, to provide a residence. At Laurie Irany's residence in Kenmore, WA, Laurie's friend Mike also resides. The Father's and children's residence in Cambridge, OH on N. 10th Street is shared with Jeff Dinkins, who the Father testified has children of his own and is a supervisor of a company in Columbus, OH.

Judgment Entry, Aug. 22, 2012, page 4, ¶9.

## *ASSIGNMENTS OF ERROR*

**{¶23}** Mother raises seventeen assignments of error,

**{¶24}** "I. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FIND A CHANGE OF CIRCUMSTANCE'S INSUFFICIENT TO CAUSE THE COURT TO CONSIDER A MODIFICATION OF PARENTAL RIGHTS AND RESPONSIBILITIES WHEN THE FATHER HAD BEEN FOUND IN CONTEMPT TWICE DECISION 08/22/2012. CONTEMPT 1. [sic.] FATHER'S FAILURE TO PLACE MOTHER'S NAME TO ACCESS ON RECORDS ON AT LEAST TWO OCCASIONS. CONTEMPT II FATHER'S FAILURE TO GIVE NOTICE OF INTENT TO RELOCATE. O.R.C. ALLOWS RESIDENTIAL SCHEDULE CHANGES IF THE NONMOVING PARTY IS FOUND IN CONTEMPT. AND [sic.] SECTION (C) ALLOWS MODIFICATION OF CUSTODY IF THE NONMOVING PARTY IS FOUND IN CONTEMPT TWICE WITHIN THREE YEARS. "T.P. 62." CAMBRIDGE COUNSELING CENTER TESTIMONY FATHER DENIED MOTHER RECORDS ACCESS FOR WHICH THE FATHER WAS FOUND IN CONTEMPT 08/22/2012 DECISION. THE FACT THAT THE MOTHER HAS HAD TO REPEATEDLY JUMP THROUGH UNNECESSARY HOOPS, INCLUDING FILING MOTIONS WITH TRIAL COURT TO OBTAIN PUBLIC RECORDS ACCESS IS AN ABUSE OF DISCRETION; DOCKET REFLECTS MOTHER RECENTLY HAD TO FILE A MOTION TO OBTAIN A CURRENT GAL AND PC LIST.

**{¶25}** "II. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO CONSISTENTLY REFUSE TO ABIDE BY THE BOTH ESTABLISHED RULE OF LAW AND THE PRECEDENCE SET FORTH BY BOTH THE APPEALS AND SUPREME COURTS OF OHIO. THE TRIAL COURT CITED OHIO CASE LAW ITSELF

IN THE FINAL COMMENTS OF THE 08/22/2012 DECISION, *DAVIS V. FLICKER*: [SIC.] THE LAW IS INTENDED TO PROVIDE STABILITY TO THE CUSTODIAL STATUS OF CHILDREN.

**{¶26}** "III. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FAIL TO FACTOR IN THE OVERWHELMING EVIDENCE THAT DEMONSTRATED THE FATHER'S NEWLY ACQUIRED RESIDENTIAL STATUS HAD IMMEDIATE NEGATIVE PSYCHOLOGICAL EFFECT ON THE CHILDREN. CLEAR AND CONVINCING TESTIMONY WAS PRESENTED BY BOTH CAMBRIDGE COUNSELING AND 12 YEAR OLD SON. O.R.C. 2151.41(D) LISTS THE FACTORS WHICH THE COURT MUST CONSIDER, INCLUDING, BUT NOT LIMITED TO: (A) THE INTERACTION AND INTERRELATIONSHIP WITH THE CHILD WITH HIS PARENTS, SIBLINGS. THE CHILDREN REPEATEDLY STATED, EVEN IN OPEN COURT THE MOTHER WAS THE CAREGIVER.

**{¶27}** "IV. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO CONCLUDE THERE WAS NO CHANGE OF CIRCUMSTANCES; DESPITE THE PARENTS' TESTIMONY THE 7 YEAR OLD DAUGHTER REGRESSED SO BADLY WHILE IN THE FATHER'S CARE AND RECUPERATING FROM A TONSILLECTOMY THE CHILD TO MISSED AN ADDITIONAL THREE DAYS OF SCHOOL. THE TREATING PHYSICIAN HAD ORDERED THE DAUGHTER TO RECUPERATE ADDITIONAL DAYS DUE TO THE HARM THE CHILD EXPERIENCED BY THE FATHER'S NEGLIGENT CARE, A MERE WEEK AFTER THE FATHER OBTAINED CUSTODIAL STATUS 04/19/2012. THE TRIAL COURT HAD HEARD EVIDENCE THAT THE FATHER AND HIS ROOMMATE SMOKED IN THE HOUSE

WHERE THE CHILDREN RESIDED WITH THE FATHER; FATHER'S TESTIMONY 04/10/2012 HEARING "T.P. 36 AT 14."

**{¶28}** "V. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO REFUSE AND NEGLECT TO HOLD A HEARING FOR OVER TEN MONTHS REGARDING THE 10/12/2011 MOTION FOR CONTEMPT, FILED AGAINST THE FATHER EFFECTIVELY DENIED THE MOTHER HER CONSTITUTIONAL RIGHTS AS A PARENT. THE TRIAL COURT DISREGARDED O.C.R. [SIC.] 2705.031 WHICH PROVIDES THAT A COURT: ...SHALL HAVE JURISDICTION TO MAKE A FINDING OF CONTEMPT FOR A FAILURE TO COMPLY WITH, OR AN INTERFERENCE WITH, A PARENTING TIME OR VISITATION ORDER OR DECREE AND TO IMPOSE THE PENALTIES SET FORTH IN SECTION 2705.05 OF THE O.R.C IN ALL CASES IN WHICH THE FAILURE OR INTERFERENCE IS AT ISSUE *EVEN IF THE PARENTING TIME OR VISITATION ORDER OR DECREE NO Longer is in EFFECT.*[EMPHASIS SIC.]

**{¶29}** "VI. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY THE CONTEMPT CHARGE AGAINST THE FATHER AND FOR THE TRIAL COURT TO FIND THAT ONLY ONE TIME THE FATHER DIDN'T COMPLY WITH THE TRIAL COURT'S OWN ORDER. THERE WAS A SPECIFIC AND CLEAR ORDER THAT THE FATHER ACKNOWLEDGED: DIVORCE DECREE 06/17/2011. THE FATHER'S ADMITTED REFUSAL TO TAKE CHILD(REN) TO EXTRACURRICULAR ACTIVITIES: PARTICULARLY SOCCER. THE FATHER REFUSED TO COMPLY IN EXCESS OF 20 TIMES.

**{¶30}** "VII. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY THE CONTEMPT CHARGE AND FIND THAT THE FATHER'S MOVE IN JULY 2012 WAS RES JUDICATA. IT IS A WELL-ESTABLISHED FACT THAT THE MONTH OF JULY 2012 DOES OCCUR AFTER APRIL 2012. THE COURT DOCKET IS ALSO EVIDENCE THAT THE FATHER'S JULY MOVE COULD NOT BE RES JUDICATA. "T.P. 78 AT 7-19." [SIC.] ESTABLISHED THE FATHER HAS ESTABLISHED A PATTERN OF MOVING EVERY SIX MONTHS AND OBTAINING A NEW ROOMMATE, EACH TIME THE ROOMMATES WERE UNKNOWN MEN TO THE CHILDREN. THIS IS DETRIMENTAL TO THE STABILITY OF THE CHILDREN AND THEIR LIVES.

**{¶31}** "VIII. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DISMISS CONTEMPT CHARGES AGAINST FATHER BASED ON RES JUDICATA. O.C.R. [SIC.] 2705.031 PROVIDES THAT A COURT: ... SHALL HAVE JURISDICTION TO MAKE A FINDING OF CONTEMPT FOR A FAILURE TO COMPLY WITH, OR AN INTERFERENCE WITH, A PARENTING TIME OR VISITATION ORDER OR DECREE AND TO IMPOSE THE PENALTIES SET FORTH IN SECTION 2705.05 OF THE O.R.C. IN ALL CASES IN WHICH THE FAILURE OR INTERFERENCE IS AT ISSUE EVEN IF THE PARENTING TIME OR VISITATION ORDER OR DECREE NO LONGER IS IN EFFECT.

**{¶32}** "IX. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO NOT HOLD REBECCA FINCH PARENTING COORDINATOR (PC) IN CONTEMPT FOR CHANGING THE TRIAL COURTS OWN ORDERS AGAINST INTERFERENCE WITH VALID PARENTING TIME OR VISITATION ORDER.

**{¶33}** "X. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO NOT FIND THE PC REBECCA FINCH IN CONTEMPT AND VIOLATION OF THE STANDARD OF DUTY FOR DEVIATING FROM THE TRIAL COURTS OWN ORDERS OF VISITATION. THE TRIAL COURT STATES IN SECTION 3, CONCLUSIONS OF LAW, 08/22/2012 DECISION CLEARLY STATE DEVIATIONS ARE NOT PERMISSIBLE WHEN DEVIATIONS ARE NOT "AGREED UPON BY BOTH PARTIES". THE COURT DOCKET ON 10/12/2011 LISTS THE MOTION REQUESTING REINSTATEMENT OF THE COURT ORDERED PARENTING SCHEDULE, ALONG WITH MUCH CORRESPONDENCE BETWEEN MOTHER AND PC DOCUMENTING THE PC'S DEVIATIONS WERE NOT AGREED UPON.

**{¶34}** "XI. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT NOT TO HAVE FOUND PC REBECCA FINCH IN CONTEMPT FOR PRESENTING FRAUDULENT INFORMATION. THE FALSE INFORMATION WAS SIGNIFICANT TO THE TRIAL COURT'S DECISION TO REMOVE THE CUSTODIAL STATUS OF THE MOTHER. THE COURT WAS IMPAIRED IN THE IMPARTIAL PERFORMANCE OF ITS LEGAL TASK, THE ACT, KNOWN AS "FRAUD UPON THE COURT", AND IS A CRIME DEEMED SO SEVERE AND FUNDAMENTALLY OPPOSED TO THE OPERATION OF JUSTICE THAT IT IS NOT SUBJECT TO ANY STATUTE OF LIMITATION; REBECCA FINCH'S OWN DOCUMENTATION, AS RECEIVED BY THE TRIAL COURT JUDGE ON 07/11/2012. THE HANDWRITING IS EASILY RECOGNIZABLE AS DIFFERENT FROM EITHER OF THE PARENTS 'INTAKE FORMS.' FURTHER NO CORRECTIONS WERE EVER MADE TO ANY OF THE PC'S FORMS AT ANY TIME. THE FACT THAT THE PC WAS STILL ASSIGNED

TO THE TOTH CASE AND MADE NO ATTEMPTS TO CORRECT HER OWN MISTAKES, NOT EVEN SIX MONTHS AFTER THE PC UTILIZED HER OWN ERRORS TO HARM THE MOTHER AND THE TOTH CHILDREN. THE HARM WAS A DIRECT RESULT OF THE PC'S INCOMPETENCE AND THE FATHER'S ATTEMPT TO MISLEAD THE COURT AND SLANDER THE MOTHER IN COURT.

{¶35} "XII. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO HAVE FOUND REBECCA FINCH A CREDIBLE WITNESS WHEN REBECCA FINCH ADMITTED TO A MULTITUDE OF MISTAKES WHILE PERFORMING THE PC'S PRIMARY ROLE: TO REDUCE CONFLICT BY PREPARING CORRECT AND EQUITABLE PARENTING SCHEDULES.

{¶36} "XIII. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO HAVE FOUND PC REBECCA FINCH A CREDIBLE WITNESS, WHEN REBECCA FINCH WAS UNABLE TO RECOLLECT OR LOCATE IN PC RECORDS, THE VERY SIGNIFICANT AND EXACT DATES OR OCCASIONS THAT LED TO THE MOTHER BEING FALSELY ACCUSED OF DENYING THE FATHER PARENTING TIME; WHICH WAS A SIGNIFICANT FACTOR IN THE TRIAL COURT REMOVING THE CUSTODIAL STATUS OF THE MOTHER.

{¶37} "XIV. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FIND AND CONCLUDE THAT FATHERS [SIC.] RELOCATION WAS NOT A CHANGE OF CIRCUMSTANCES; WHILE USING A DIFFERENT STANDARD FOR THE MOTHER. THE MOTHER'S NOTICE WAS A FINDING OF FACT AND CONCLUSION OF LAW THAT THE MOTHER'S NOTICE OF INTENT TO RELOCATE WAS A CHANGE OF CIRCUMSTANCES AND TRIGGERED THE TRIAL

COURT TO ORDER A CHANGE OF CUSTODY. DECISIONS DATED 09/16/2011 AND 04/19/2012.

{¶38} "XV. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO APPLY THE RULES OF EVIDENCE AND APPLICATION OF OHIO LAW, UNEQUALLY IN THIS CASE. THE DOUBLE STANDARD DID HAVE A DIRECT AND HARMFUL EFFECT UPON THE MOTHER AND CHILDREN. THE TRIAL COURTS OWN CONCLUSIONS STATE "OHIO CASE LAW REQUIRES THE CHANGE TO BE OF SUBSTANCE AND NOT SLIGHT" 08/22/2012 DECISION.

{¶39} "XVI. IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO CONCLUDE THAT COSTS ARISING FROM THE CONTEMPT CHARGES AGAINST THE FATHER BE ASSESSED TO MOTHER. O.R.C. 3109.051(K) PROVIDES THAT GRANTING SANCTIONS FOR CONTEMPT, AND ESTABLISHING CONDITIONS BY WHICH GRANTING ANY OTHER RELIEF, INCLUDING REASONABLE ATTORNEY FEES AND COSTS AND MAKE UP RESIDENTIAL TIME IS APPROPRIATE. [SIC.]

{¶40} "XVII. IT WAS, AND CONTINUES TO BE AN ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ORDER CHILD SUPPORT AND COSTS TO MOTHER, AND ENCOURAGES [SIC.] CHILD ENFORCEMENT AGENCY TO PURSUE SANCTIONS UP TO AND INCLUDING IMPRISONMENT THREATS AGAINST THE MOTHER; [SIC.] WHICH WILL CLEARLY HARM THE CHILDREN AND REDUCE AND/OR ELIMINATE MEANINGFUL CONTACT WITH THE MOTHER. WHEN THE EVIDENCE WAS THAT THE MOTHER, ACTING IN THE BEST INTEREST OF THE CHILDREN, REMAINED PRIMARY CAREGIVER AND ASSUMED

ALL COSTS FOR CARE OF CHILDREN, FOR FOUR MONTHS WHILE THE FATHER HAD LEGAL CUSTODIAL STATUS, AND THAT THE FATHER EVEN WILLINGLY SIGNED CHILD OVER TO THE CARE OF THE MOTHER;[SIC.] ONLY FOUR DAYS AFTER OBTAINING CUSTODIAL STATUS FROM THE TRIAL COURT."

### *Jurisdiction*

**{¶41}** An appeal as of right may be taken by the filing of a timely notice of appeal with the clerk of the trial court in which the judgment was entered. App.R. 3(A). The only jurisdictional requirement for an appeal as of right is the filing of the notice of appeal in a timely manner. App.R. 4(A) states:

> A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure.

**{¶42}** The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in civil cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. *State v. Alexander*, 10th Dist. Nos. 05AP-129, 05AP-245, 2005-Ohio-5997, ¶17.

**{¶43}** In the case at bar, Mother failed to file a timely notice of appeal from the May 29, 2012 judgment of the trial court granting Father's motion to modify parental rights and responsibilities and naming Father as the residential parent of the children.

As noted by the Ohio Supreme Court the manner in which and the time when an appeal shall be perfected are wholly matters of procedure…. In fixing a time limit on the perfecting of an appeal as of right the General Assembly in no way infringes any constitutional right possessed by a defendant." *State v. Edwards*, 157 Ohio St. 175, 180-181, 105 N.E.2d 259, 262(1952).

**{¶44}** While Mother is entitled to a right of appeal, that right to appeal expired when she failed to file a notice of appeal within the time required by App.R. 4(A). Therefore, the court has no jurisdiction to entertain an appeal as of right from the May 29, 2012 judgment of the trial court granting Father's motion to modify parental rights and responsibilities and naming Father as the residential parent of the children. *State v. Alexander*, supra at ¶19.

**{¶45}** In the case at bar, Mother's Notice of Appeal filed September 24, 2012, and her docketing statement filed October 19, 2012 state the date of the judgment appealed from is August 22, 2012. Thus, only the trial court's disposition of Mother's contempt motions and her motion to modify parental rights filed July 31, 2012 are properly before this Court.

### *Pro se Appellants*

**{¶46}** Initially, we must note a deficiency in Mother's appellate brief. That is, Mother's appellate brief does not comply with App.R. 16(A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with

citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶47}** We understand that Mother has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

**{¶48}** Also, in *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist.No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts in both parties' brief that are outside of the record.

**{¶49}** In the interests of justice, we shall attempt to consider Mother's assignments of error.

I, II, III, IV, XIV, and XV

{¶50} After reviewing Mother's brief including her contentions, we have interpreted Mother's first, second, third, fourth, fourteenth and fifteenth assignments of error in the following manner: the trial court abused its discretion in not finding a change in circumstances sufficient to justify a change in the residential parent. On appeal, Mother claims that Father's relocation, that he and his roommate smoke in the home and the fact that the trial court found father twice in contempt in its Judgment Entry are sufficient to justify a change in circumstances.

{¶51} Trial courts are entitled to broad discretion in custody proceedings. *Davis v. Flickinger,* 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997), paragraph one of the syllabus. As "custody issues are some of the most difficult and agonizing decisions a trial judge must make," the judge must be given "wide latitude in considering all the evidence" and the decision must not be reversed absent an abuse of discretion. *Id.* at 418, 674 N.E.2d 1159. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶52} We presume that the trial court's findings are correct because the trial court is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Therefore, deferential review in a child custody determination is especially crucial "where there may be much evident in the parties' demeanor and attitude that

does *not* translate to the record well." *Flickinger,* 77 Ohio St.3d at 419, 674 N.E.2d 1159. (Emphasis in original.)

**{¶53}** A trial court asked to re-designate parental rights and responsibilities is required to first find that a change in circumstances occurred to warrant a change in legal custodianship. *Fisher v. Hasenjager,* 116 Ohio St.3d 53, 876 N.E.2d 546, 2007-Ohio-5589; *Pierson v. Gorrell*, 12 Dist. No. CA2011-11-216, 2012-Ohio-3878, ¶12; *Wright v. Wright,* 5th Dist. No. 2011CA00129, 2012-Ohio-1560, ¶26. R.C. 3109.04(E)(1)(a), provides, in pertinent part,

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [ or] his residential parent, * * * and that the modification is necessary to serve the best interest of the child.

**{¶54}** "Although R.C. 3109.04 does not provide a definition of the phrase 'change in circumstances,' Ohio courts have held that the phrase is intended to denote 'an event, occurrence, or situation which has a material and adverse effect upon a child.'" *Lewis v. Lewis,* 12th Dist. No. CA2001–09–209, 2002 WL 517991(April 8, 2002), *citing Rohrbaugh v. Rohrbaugh,* 136 Ohio App.3d 599, 604–05, 737 N.E.2d 551 (7th Dist.2000). In order to warrant the abrupt disruption of the child's home life, the change in circumstances must be one "of substance, not a slight or inconsequential change." *Flickinger,* 77 Ohio St.3d at 418, 674 N.E.2d 1159.

**{¶55}** "The purpose of requiring a finding of a change in circumstances is to prevent a constant re-litigation of issues that have already been determined by the trial court. * * * Therefore, the modification must be based upon some fact that has arisen since the prior order or was unknown at the time of the prior order." *Brammer v. Brammer,* 194 Ohio App.3d 240, 955 N.E.2d 453, 2011–Ohio–2610, ¶17 (3rd Dist.), *citing* R.C. 3109.04(E)(1)(a). Moreover, and as stated by the Ohio Supreme Court, "a trial judge must have wide latitude in considering all the evidence" when making a determination of change of circumstances. *Flickinger,* 77 Ohio St.3d at 418, 674 N.E.2d 1159. If a court could not consider events as they continued to unfold once a custody motion is filed, the trial court would be perpetually re-addressing new filings alleging a change in circumstances due to the inevitable passage of time between the filing of the original custody motion and the date of the hearing on the motion. This barrier is meant to operate as the "domestic relations version of the doctrine of res judicata," and is meant to prevent the "constant relitigation of the same issues" adjudicated in prior custody orders. *Perz v. Perz*, 85 Ohio App.3d 374, 376, 619 N.E.2d 1094(1993).

**{¶56}** In the case at bar, the trial court's order adopting the magistrate's April 19, 2012 decision naming Father the residential parent was filed May 29, 2012. Therefore, only those facts that have arisen since the trial court's May 29, 2012 decree are relevant to this appeal. *Pierson v. Gorrell,* ¶25.

**{¶57}** As previously noted, the trial court found that Father moved only two blocks from his previous location and the children were able to maintain attendance in the same schools. The Court further found Mother also lives with a roommate upon whom mother depends for a residence.

**{¶58}** We agree with the trial court's conclusion that no significant change in circumstances has occurred since the May 29, 2012 decree. The evidence presented to the court is that the Father's roommate smokes in his bedroom and Father smokes either outside the home or in the laundry room with the exhaust fan running. (T. April 10, 2012 at 35-37). As will be later addressed, the trial court found that Mother suffered no prejudice from the actions which the court found could arguably been sufficient to find Father in contempt. We must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." See *Smith v. Flesher*, 12 Ohio St. 2d 107, 233 N.E. 2d 137(1967); *State v. Stanton*, 15 Ohio St.2d 215, 217, 239 N.E.2d 92, 94(1968); *Wachovia Mtg. Corp. v Aleshire*, Licking App. No. 09 CA 4, 2009-Ohio-5097, ¶16. *See, also*, App.R. 12(D).

**{¶59}** Mother failed to demonstrate a change in circumstances for purposes of reallocation of parental rights and responsibilities occurred after the May 29, 2012 decree.

**{¶60}** Because the court here did not find a change in circumstances, it was not required to determine the best interest of the child. *Fisher v. Hasenjager; Wright v. Wright.*

### V, VI, VII, VIII

**{¶61}** After reviewing Mother's brief including her contentions, we interpret Mother's fifth, sixth, seventh and eighth assignments of error in the following manner: the trial court abused its discretion in not finding Father in contempt of court. Essentially, Mother's contempt motions against Father involved Father's failure to take B.T. to

soccer games and 4-H activities; Father's move in January 2012 without notifying the court;  failure to place Mother's name on documents as required by court orders and interference with parenting time.

**{¶62}** Testimony established that Father was actively involved in the children's 4-H activities. (T. Aug. 15, 2012 at 30-31; T. Apr. 10, 2012 at 26-28; 49-51). Testimony established that Father did attend his son's soccer games. (T. Apr. 9, 2010 at 4-6). Evidence was submitted that Father did not transport the son to only one game. (T. Apr. 9, 2012 at 4; 9; T. Aug. 15, 2012 at 12).

**{¶63}** The record reflects that Mother was notified of Father's relocation to an address on 8th Street in Cambridge Ohio in January 2012. Mother filed a Notice of Intent to Relocate on February 3, 2012 and a corrected motion on March 13, 2012. The magistrate's decision was filed April 19, 2012. Assuming arguendo that the trial court improperly found the issue barred by the doctrine of res judicata, the decision not to find Father in contempt is correct. A reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason. *State v. Lozier*, 101 Ohio St.3d 161, 166, 2004-Ohio-732, 803 N.E.2d 770, ¶46, *citing State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.*, 81 Ohio St.3d 283, 290, 690 N.E.2d 1273(1998); *Helvering v. Gowranus*, 302 U.S. 238, 245, 58 S.Ct. 154, 158(1937).

**{¶64}** R.C. 2705.031(B)(2) provides that "[a]ny person who is granted visitation rights under a visitation order or decree * * * may initiate a contempt action for a failure to comply with, or an interference with, the order or decree." R.C. 2705.02 further provides:

A person guilty of any of the following acts may be punished as for a contempt:

(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]

**{¶65}** "Civil contempt is designed to benefit the complainant and is remedial in nature. * * * Thus, an individual charged with civil contempt must be permitted to appear before the court and purge himself of the contempt by demonstrating compliance with the court's order." *State v. Miller*, 5th Dist. No. 02 CA 16, 2003-Ohio-948, ¶ 28. A sanction for civil contempt must allow the contemnor the opportunity to purge him or herself of contempt." *O'Brien v. O'Brien*, 5th Dist. No. 2003-CA-F12069, 2004-Ohio-5881, ¶ 68, *citing Burchett v. Miller* (1997), 123 Ohio App.3d 550, 552, 704 N.E.2d 636(6th Dist. 1997).

**{¶66}** In the case at bar, by the time the matter was brought to the attention of the trial court, Father had filed his July 5, 2012 notice of intent with the court. Further, the trial court heard evidence concerning each motion.

**{¶67}** There is no evidence that Father intentionally or willfully violated the court's visitation orders. No dates were alleged in Mother's second motion for contempt filed July 20, 2012. In her Amended Motion for Contempt, Mother specified the date of December 9, 2011. Further, the trial court heard evidence concerning each motion. We must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." See *Smith v. Flesher*, 12 Ohio St. 2d 107, 233 N.E. 2d 137(1967); *State v. Stanton*, 15 Ohio St.2d 215, 217, 239 N.E.2d 92,

94(1968); *Wachovia Mtg. Corp. v Aleshire*, Licking App. No. 09 CA 4, 2009-Ohio-5097, ¶16. *See, also*, App.R. 12(D).

**{¶68}** Finally, the trial court permitted Father to purge his Contempt for failure to place Mother's name on documents by ordering him to place Mother's name on all documents as required by Court orders.

**{¶69}** This court will not reverse the decision of the court below in a contempt proceeding in the absence of a showing of an abuse of discretion. See *Cady v. Cleveland Worsted Mills Co.*, 126 Ohio St. 171, 184 N.E.2d 511(1933). No evidence has been adduced to demonstrate an abuse of discretion by the trial court in not finding Father in contempt. Therefore, that decision will not be disturbed.

## IX, X, XI, XII, XIII

**{¶70}** After reviewing Mother's brief including her contentions, we interpret Mother's ninth, tenth, eleventh, twelfth and thirteenth assignments of error in the following manner: the trial court abused its discretion in not finding Parenting Coordinator ReBecca Finch in contempt of court and for finding her to be a credible witness.

**{¶71}** A finding of contempt must be based upon clear and convincing evidence. *Pugh v. Pugh,* 15 Ohio St.3d 136, 472 N.E.2d 1085(1984); *ConTex, Inc. v. Consol. Technologies, Inc.,* 40 Ohio App.3d 94, 95, 531 N.E.2d 1353, 1355(1st Dist. 1988). The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a

reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes*, 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23(1986). *Accord, In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613(1988).

**{¶72}** The Ohio Supreme Court has delineated our standard of review as follows,

Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. See *Ford v. Osborne*, 45 Ohio St. 1, 12 N.E. 526, *Cole v. McClure*, 88 Ohio St. 1, 102 N.E. 264, and *Frate v. Rimenik,* 115 Ohio St. 11, 152 N.E. 14.

*Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954). In *Cross*, the Supreme Court further cautioned,

The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for resolving disputed facts. The degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Where the evidence is in conflict, the trier of facts may determine what should be accepted as the*

*truth and what should be rejected as false.* See *Rice v. City of Cleveland,*

114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477-478. (Emphasis added).

{¶73} In its judgment, the trial court noted that Ms. Finch had made several mistakes and was unable to verify the dates Mother had allegedly denied Father visitation. The mistakes involved three holiday dates. The court admonished all parties involved to follow the court's orders. If the order needs correction or clarification, the court chastised the parties to seek an amendment of the order with the court. The trial court found the parenting coordinator was working with a stressful situation between two warring parents.

{¶74} The evidence established that the parties had mutually agreed to deviate from the standard court orders concerning companionship prior to the parenting coordinator's involvement in the case. (T. April 9, 2012 at 18-19; 26. T. April 10, 2012 at 7). The parties returned to the standard order when they could no longer agree. (Id. at 23; T. April 10, 2012 at 9-10). The parties were extremely combative and information was not freely exchanged. The record further reflects that Father testified to the Mother's denial of his visitation time with the children. (T. April 10, 2012 at 55-56).

{¶75} As set forth above, the trial court's findings are based upon competent credible evidence. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 1997-Ohio-260, 674 N.E.2d 1159. Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment

for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. No. 07 MA 198, 2008–Ohio–6635, ¶31, quoting *State v. Woullard,* 158 Ohio App.3d 31, 2004–Ohio–3395, 813 N.E.2d 964(2nd Dist.), ¶81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. No. 99 CA 149, 2002–Ohio–1152, ¶13, citing *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

**{¶76}** No evidence has been adduced to demonstrate an abuse of discretion by the trial court in not finding Ms. Finch in contempt. Therefore, that decision will not be disturbed.

XVI

**{¶77}** After reviewing Mother's brief including her contentions, we interpret Mother's sixteenth assignment of error in the following manner: the trial court abused its discretion by assessing a portion of the court costs against Mother.

**{¶78}** In the case at bar, the trial court divided the costs between the parties. Mother was ordered to pay 75% and Father 25%. Mother filed eight motions. Six of Mother's motions were dismissed or overruled. Two motions for contempt against the father were sustained in part.

**{¶79}** Civ.R. 54(D) permits a trial court to award a prevailing party the costs of litigating that party's claim. Civ.R. 54(D) provides:

Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.

**{¶80}** The Ohio Supreme Court in *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 597 N.E.2d 153(1992) stated:

This rule gives the trial court broad discretion to assess costs, and the court's ruling will not be reversed absent an abuse of that discretion. (Citations omitted).

**{¶81}** In the case at bar, neither Mother nor Father entirely prevailed. Father prevailed on five motions[2] filed by Mother and Mother prevailed on parts of two motions that she filed. Thus, the trial court correctly assessed costs against Mother for the six motions that she had filed that were denied. The trial court assessed costs arising out of the two partial contempt proceeding against Father pursuant to R.C. 3109.051(K).

XVII

**{¶82}** In her seventeenth assignment of error mother alleges that it was error for the court to order Mother to pay child support.

**{¶83}** We find this issue is not properly before this Court. Mother had previously filed a Motion to Supplement the Record on December 3, 2012 in which she sought to include a judgment entry filed in the trial court on November 27, 2012 that denied her motion to modify child support. Mother filed her Notice of Appeal in this Court on September 24, 2012. Accordingly, this Court denied Mother's Motion to Supplement the Record by Judgment Entry filed January 2, 2013.

---

[2] We note that Mother's Motion for Contempt No. 1 was addressed to the parenting coordinator, not Father.

**{¶84}** Mother's seventeenth assignment of error is dismissed.

### *Conclusion*

**{¶85}** For all the forgoing reasons, Mother's assignments of error numbers one through sixteen inclusive are overruled in their entirety, Mother's assignment of error number seventeen is dismissed and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE

WSG:clw 0221

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JENNIFER S. TOTH | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| FRANK E. TOTH, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012-CA-21 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE